UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

DAVID PRONK,                                             CIVIL ACTION

    Plaintiff                                              NO. 04CVI 1834 (RWZ)

VS.

NATIONAL RAILROAD PASSENGER
CORPORATION,
    Defendant                                            NOVEMBER 22, 2004
_____X

## JOINT STATEMENT

Date Complaint Filed: August 20, 2004
Date Complaint Served: September 10, 2004
Date of Defendant's Appearance: October 26, 2004

    1. Pursuant to Fed. R. Civ. P. 16(b), 26(f), a conference was held on November 17, 2004.

The participants were:

    George J. Cahill, Jr., for plaintiff David Pronk.

    Paul E. Dwyer, Jr., for defendant National Railroad Passenger Corporation.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case, and costs of litigation and alternative dispute resolution, and, in consultation with their clients, have developed the following proposed case management plan.

Counsel further certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Counsel do not consent to trial by Magistrate Judge.

## II. JURISDICTION

The plaintiff alleges that this Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## III. BRIEF DESCRIPTION OF CASE

A. Claims of Plaintiff:

The plaintiff David Pronk brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. for personal injuries he allegedly sustained as the result of the

2

PRV_693312_1/PDWYER

defendant National Railroad Passenger Corporation's negligence. Plaintiff alleges that on August 8, 2003, while engaged in his duties as a conductor at Boston, Massachusetts, he injured his right foot, ankle, leg, and to his back and his head. Plaintiff alleges that the defendant failed to provide him with a safe place to work and caused the plaintiff to sustain an injury to his right foot, back, and head. Plaintiff Pronk claims past lost wages and benefits, impairment to future earning capacity, medical expenses, past and future pain, suffering, and mental anguish.

B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:

The defendant claims that the plaintiff's damages and injuries were caused by his own carelessness and negligence and denies that it was negligent in any way. Further, plaintiff's damages are attributable, in whole or in part, to pre-existing and unrelated conditions. Defendant also contends that plaintiff failed to mitigate his damages by accepting alternative employment when offered.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following material facts are undisputed:

3

1. The defendant National Railroad Passenger Corporation is a common carrier engaged in the business of interstate commerce, and operates a railroad in such business between Washington, D.C. and Boston, Massachusetts.

2. In August, 2003, the plaintiff was employed by the defendant Railroad as a conductor.

3. In August, 2003, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

## V. CASE MANAGEMENT

### A. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference, Mini-Trial, or Summary Jury Trial.

3. The parties will consent to Mediation but do not request a referral to a Rule 16.4 Alternative Dispute Resolution at this time.

4. The parties would prefer a settlement conference with a Magistrate Judge.

### B. Joinder of Parties and Amendment of Pleadings.

1. Plaintiff should be allowed until December 1, 2004, to file motions to join additional parties and until January 2, 2005, to file motions to amend the pleadings.

4

2. Defendant should be allowed until January 2, 2005, to file motions to join additional parties and until November 1. 2004 to file a response to the complaint.

**C. Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: whether plaintiff sustained any injuries; when and how plaintiff sustained his alleged injuries; whether the defendant Railroad was negligent under the FELA for failing to provide the plaintiff with a reasonably safe place to work on August 8, 2003, whether the plaintiff was contributorily negligent; whether there is a causal connection between the defendant Railroad's negligence and the plaintiffs alleged injuries; and the nature and amount of the plaintiff's damages, if any, including past lost earnings, impairment to future earning capacity, medical expenses, pain and suffering, and mental anguish.

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(bx4), will be commenced by November 1, 2004, and completed (not propounded) by July 15, 2005.

3. Discovery will not be conducted in phases.

4. Discovery on issues will be completed by July 15 2005.

5. The plaintiff anticipates he may require a total of ten depositions of fact witnesses. The defendant anticipates it will require a total of six depositions of fact witnesses. The depositions will commence by November 1, 2004 and be completed by July 15, 2005.

5

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiffs treating physicians will testify at trial based on their medical notes are records which will be provided to the defendant. The plaintiff does not intend to provide the defendant with expert disclosures for physicians who are treating physicians and not retained experts. The defendant disagrees and insists that it is entitled to expert disclosures for any physician testifying concerning medical causation and prognosis. Plaintiff does not intend to call any retained expert witnesses at trial at this time. If the plaintiff does retain an expert, he will provide opposing counsel with reports from retained experts pursuant to Fed. iv.P. 26(a)(2) by March 1, 2005. Depositions of any such experts will be completed by Jul6 15, 2005.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by March 1, 2005. Depositions of such experts will be completed by July 15, 2004.

9. A settlement conference is requested during or before May, 2005.

10. A damage analysis will be provided by any party who has a claim or counterclaim for damages by thirty (30) days prior to trial or contained in the Joint Trial Memorandum.

**D. Dispositive Motions**

Dispositive motions will be filed on or before July 15, 2005.

reports from retained experts pursuant

6

**E. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 15, 2005.

## VI. TRIAL READINESS

The case will be ready for trial by September 1, 2005.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

7

PRV_693312_1/PDWYER

- 8 -

Date: November 22, 2004

FOR THE PLAINTIFF, DAVID PRONK

By _____
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
(203) 777-1000

8

Date: November , 2004                FOR THE DEFENDANT, NATIONAL
                                     RAILROAD PASSENGER
                                     CORPORATION

                                     By /s/ Paul E. Dwyer
                                     Paul E. Dwyer, Jr. (BBO #553848)
                                     EDWARDS & ANGELL, LLP
                                     2800 Financial Plaza
                                     Providence, Rhode Island 02903
                                     (401) 274-9200

9

PRV_693312_1/PDWYER