UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID PRONK<br>    Plaintiff | : | |
| v. | : | C.A. No.:   04-11834 RWZ |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>    Defendant | : | |

**DEFENDANT,
NATIONAL RAILROAD PASSENGER CORP.'S
OBJECTION TO
TO PLAINTIFF'S MOTION TO COMPEL**

Now comes the Defendant, National Railroad Passenger Corporation, and objects to Plaintiff's Motion to Compel Responses to Discovery. In support of its Objection, Defendant relies upon its attached Memorandum of Law.

                              Defendant,
                              NATIONAL RAILROAD PASSENGER
                              CORPORATION,
                              By its attorneys,

                              */s/ Paul E. Dwyer*
                              Paul E. Dwyer, Jr. (BBO # 553848)
                              Edwards & Angell LLP
                              2800 Financial Plaza
                              Providence, RI 02903-2499
                              Tel: (401) 274-9200

## CERTIFICATE OF SERVICE

I hereby certify that on this ___4th___ day of April, 2005, I served a copy of the within document by causing a copy to be sent via U.S. Mail, first class, postage pre-paid to the above-named counsel.

TO:    George J. Cahill, Jr., Esquire
       Cahill, Goetsch & Maurer, P.C.
       43 Trumbull Street
       New Haven, CT  06510

_/s/ Paul E. Dwyer_
Paul E. Dwyer, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID PRONK             :
            Plaintiff   :
                        :
v.                      :        C.A. No.:    04-11834 RWZ
                        :
NATIONAL RAILROAD PASSENGER :
CORPORATION,            :
            Defendant   :

**DEFENDANT,
NATIONAL RAILROAD PASSENGER CORP.'S
MEMORANDUM OF LAW
IN SUPPORT OF ITS OBJECTION
TO PLAINTIFF'S MOTION TO COMPEL**

I.   REQUESTS AT ISSUE

**Request 13.**   All injury and accident investigative and inspection reports, records, documents, notes, and findings pertaining to the injury and accident that forms the basis of the present complaint, including but not limited to any Informal Investigation Sheet; Summary Report of Personal Injury; Accident/Injury Report; Personal Injury Report; Supervisor's Injury Report, Mechanical Facility Inspection Reports, Three-Man Reports and Committee Reports (and all drafts of the aforementioned).

**Response 13.**   Objection is made to this request for the reason it is overly broad and burdensome. Without waiving this objection, the following answer is given: Plaintiff is referred to defendant's response to RFP 1 and 5.

**Request 15.**   All documents, notes, emails, electronic files or memoranda prepared after the accident by anyone involved in investigating the accident or reporting thereon.

**Response 15.**   Objection is made to this request for the reason that it is overly broad and burdensome and requests information that may be privileged. Without waiving this objection, please refer to response no. 1.

Requests nos. 13 and 15 seek an assortment of documents including injury and accident reports as well as material protected from discovery under the work-product doctrine. Defendant has served documents responsive to this request. Defendant has also provided a privilege log

which provides a description of the single document defendant contends is protected from discovery by the work-product doctrine.

The party which seeks to protect a document from disclosure by asserting a privilege or other protection is required to produce a "Privilege Log" which provides a general description of the document so that its adversary and the court can make an assessment as to the validity of the assertion. *In re Grand Jury Subpoena*, 274 F.3d 563, 575-576 (1st Cir. 2001). Thereafter, its adversary, after making a good faith assessment of the document's discoverability, may move to compel. *See, Amica Mutual Insurance Co. v. W.C. Bradley*, 217 F.R.D. 79 (D.Mass. 2003). The document's possessor then carries the burden of proof as to the existence of the privilege or other protection. *Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.*, 167 F.Supp. 2d 108, 114-115 (D.Mass. 2001). The burden can be satisfied through affidavits establishing the factual predicate creating the protection. *Amica Mutual Insurance*, 217 F.R.D. at 82; see also, *In re Grand Jury Subpoena*, 274 F.3d at 576. The court may also conduct an in-camera review. *Amica Mutual Insurance*, 217 F.R.D. at 81. Contrary to plaintiff's arguments, Amtrak's first opportunity to carry its burden is now, before this court.

Work product protection extends to any document prepared by a party or its representative in anticipation of litigation. Fed.R.Civ.P. 26(b)(3). The document need not be prepared by an attorney in order to fall under the ambit of work product protection. Id.

The courts recognize at least two types of work product: "factual" work product, simply containing a recitation of observable facts and "core" work product, containing a representative's mental impressions, conclusions, opinions or legal theories, which is virtually immune from discovery. *Nexxus Products Co. v. CVS New York, Inc.*, 188 F.R.D. 7 (D.Mass. 1999).

Where work product protection extends, the party seeking discovery must show that he "has substantial need of the materials in the preparation of the party's case and that party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). "The courts have steadfastly safeguarded against disclosure of ... mental impressions and subjective evaluations of investigators and claim agents." Fed.R.Civ.P. 26 Advisory Committee Notes 1970 Amendment. The thought need not be particularly insightful nor even correct. So long as the document is prepared in anticipation of litigation, it is immune from protection save under limited circumstances which plaintiff has made no effort to argue here.

The document was created by an Amtrak representative in anticipation of litigation. Declaration of Seth Starr. This is clear from the face of the document. (See, Yellow Highlighted Language) The document contains a description of litigation tactics. (See, Blue Highlighted Language) The document also contains the adjuster's thoughts and impressions as to legal theories (See, Yellow Highlighted Language)

**Request 27.**  A copy of all rules and written instructions governing plaintiff's crafts or occupation at the time of the accident including but not limited to Rule Books, Safety Instructions, Directions, Special Instructions, Orders, Regulations, Customs, Practices, Operating Rules and Bulletins.

**Response 27.** Objection is made to this request for the reason that it is overly broad and burdensome. Without waiving the objection, please see those documents attached hereto as Exhibit D.

Defendant complied with this request initially. During the Rule 37 discovery teleconference, plaintiff orally modified the request to make it even broader to cover the engineer operating the train at the time of the alleged incident. The defendant agreed and then complied with that request.

**Request 26.**   All written, oral, taped, signed and unsigned statements and any memoranda thereof or pertaining thereto that were made concerning the plaintiff's accident.

**Response 26.**   Objection is made to this request for the reason that it requests items that may be privileged and protected as work product. Further, the request duplicates requests made previously.

Defendant read the plaintiff's Request No. 26 to include Mr. Starr's writing referred to in his declaration which was identified in a privilege log before the motion was made. The objection is well-taken and should not be overruled.

The defendant then supplemented its response to indicate that there were no responsive documents other than those already produced. Defendant has complied with the request as required under the rules and should be compelled to do no more. ("[T]he rule is modified to make *clear* that if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions." Fed.R.Civ.P. 34 Advisory Committee Notes 1993, Amendments (emphasis supplied).

**Request 28.**   All records of disciplinary actions including transcripts, exhibits, correspondence and documents pertaining to any type of disciplinary actions, charges, hearings, (formal or informal hearing), and investigations concerning any of defendant's employees involved in the plaintiff's accident and/or injury which forms the basis of this complaint.

**Response 28.**   Objection is made to this request for reason that it is overly broad and burdensome, requests items that are privileged and confidential and requests items not calculated to lead to the discovery of admissible evidence.

Plaintiff's counsel never limited his request to either 1) subsequent disciplinary actions or 2) disciplinary actions arising from this accident. Plaintiff's request amounts to a fishing expedition for disciplinary records of other Amtrak employees not related to this matter. Such a request is not reasonably calculated to lead to the discovery of admissible evidence.

As to the latter, again which plaintiff did not request, plaintiff knows full well that no disciplinary hearings were held as to this matter as he would have been a witness or party thereto.

**Request 3.**   The Defendant's Claim Department's full and complete medical files, documents, notes and reports pertaining to the plaintiff, including but not limited to any and all prior injuries or claims, as well as the injury which forms the basis of the present complaint.

**Response 3.**   Objection is made to this request for the reason that it is overly burdensome and not limited in time. Without waiving this objection, the following response is provided: please see our responses to requests no. 1, 4 and 5.

Defendant responded to plaintiff's request before the filing of this motion.

Plaintiff's request encompasses the notes identified in defendant's privilege log. As set forth above, defendant's objection is well taken and must not be overruled.

**Request 5.**   The Defendant's Vocational Assistance Program's and the Defendant's department responsible for compliance with the American with Disabilities Act (ADA) full and complete files pertaining to the plaintiff including but not limited to all correspondence with or about the plaintiff.

The documents have been provided.

**Request 8.**   All prior inspection, maintenance and repair records, whether special or regular, regarding or referring to the baggage carts and the baggage car involved in this accident for the period of five years prior to the date of the plaintiff's injury up to the present.

The defendant has supplemented its response to provide responsive records relating to the baggage car. Before the motion was filed, defendant responded that there are no such records pertaining to the baggage carts.

**Request 18.**   All event recorder data from 30 minutes before the accident through ten minutes after the accident.

The defendant responded fully to plaintiff's request by providing a computer disc which is completely readable with the proper equipment. Defendant then prepared a print-out of the information on the disc and provided the print-out to the plaintiff before the filing of this motion.

**Request 21.** The full and complete attendance record of the plaintiff for the three years prior to the date of the injury which forms the basis of the present complaint through the present including but not limited to all jobs and overtime worked and all time marked of sick or old injury.

The defendant has supplemented its response to include plaintiff's attendance records.

**Request 25.** All plaintiff's written statements (signed or unsigned) or taped oral statements and all memoranda concerning, or summaries of plaintiff's statements, written or oral, that were made pertaining to the accident and injury which forms the basis of the present complaint.

The defendant has supplemented this request to include additional Continuum notes which make up the complete file of Jacqueline Reardon.

Defendant,
NATIONAL RAILROAD PASSENGER
CORPORATION,
By its attorneys,

_____
Paul E. Dwyer, Jr. (BBO #553848)
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI  02903-2499
Tel:  (401) 274-9200

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2005, I served a copy of the within document by causing a copy to be sent via U.S. Mail, first class, postage pre-paid to the above-named counsel.

TO:   George J. Cahill, Jr., Esquire
Cahill, Goetsch & Maurer, P.C.
43 Trumbull Street
New Haven, CT 06510

*Paul E. Dwyer, Jr.* (signature)

Paul E. Dwyer, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID PRONK
        Plaintiff

v.                                   C.A. No.:    04-11834 RWZ

NATIONAL RAILROAD PASSENGER
CORPORATION,
        Defendant

## PRIVILEGE LOG

Defendant asserts that the following documents are privileged and protected from discovery under the work product doctrine:

1.      One page of handwritten notes prepared by Seth Starr, Amtrak Claims Manager, undated, which discusses generally the circumstances of the incident and the plaintiff's injuries.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID PRONK
        Plaintiff

v.                                   C.A. No.:   04-11834 RWZ

NATIONAL RAILROAD PASSENGER
CORPORATION,
        Defendant

## DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 28 U.S.C. §1746

I, SETH STARR, employed at National Railroad Passenger Corporation whose address is 253 Summer Street, Boston, Massachusetts, do hereby declare under pains and penalties of perjury,

1. I am a claims adjuster employed by the National Railroad Passenger Corporation (hereinafter "Amtrak") in Boston, Massachusetts.

2. The handwritten document appended hereto and filed under seal was prepared by me when I first assumed responsibility for this file. The document was created before this claim went into suit.

3. One of my primary duties at Amtrak is to assist in the preparation of the defense of the matters which I believe are likely to result in litigation. The primary purpose for which this document was created was to provide my impressions of the important aspects of the matter and to set forth strategic decisions in preparation for litigation. This document was provided to Amtrak's defense counsel.

4.  As evidenced by the yellow highlighted portion of the document, at the time I created this document, I believed that this matter would result in litigation. This same note gives my mental impression of the case.

5.  The blue highlighted portion constitutes a portion of my plan designed to assist in the evaluation and defense of this matter should it proceed to litigation.

6.  The remainder of the document contains a summary of facts I believe are important to the case.

Dated: 4/4/05

_____
Seth Starr